IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

STEPHEN PHILLIPS,

    Plaintiff,

vs.                                                Civil No. 1:23-cv-01007-SHM-tmp

F/N/U INSTITUTIONAL TRUST FUND CLERK,

    Defendant.

### ORDER DISMISSING THE COMPLAINT (ECF NO. 1); DENYING LEAVE TO AMEND; NOTIFYING PHILLIPS OF THE COURT'S STRIKE RECOMMENDATION; NOTIFYING PHILLIPS OF THE APPELLATE FILING FEE AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

On January 13, 2023, Plaintiff Stephen Phillips, Tennessee Department of Correction ("TDOC") number 273140, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (the "Complaint"). (ECF No. 1.) Phillips was incarcerated at the Hardeman County Correctional Facility (the "HCCF") in Whiteville, Tennessee when he filed the Complaint. (ECF Nos. 1 & 1-1 at PageID 2, 4.) On January 18, 2023, the Court ordered Phillips to comply with 28 U.S.C. § 1915(A)(1)-(2) or pay the $402.00 civil filing fee. (ECF No. 3.) On February 3, 2023, Phillips filed a motion to proceed *in forma pauperis*. (ECF No. 4.) On February 13, 2023, the Court granted leave to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (ECF No. 5.) On June 26, 2023, Phillips filed a change of address notifying the Court of his transfer to Northwest Correctional Complex (the "NWCC") in Tiptonville, Tennessee. (ECF No. 6.)

The three (3) page Complaint is liberally construed to allege a Fourteenth Amendment due process violation that occurred during Phillips' incarceration at the HCCF between August 1 and September 14, 2022. (ECF No. 1 at PageID 2.)

Phillips alleges that, between August 1 and September 14, 2022, the F/N/U Institutional Trust Fund Clerk at HCCF miscalculated and mismanaged the funds in Phillips' inmate trust account. (*Id.*) Phillips alleges his balance should have been $45.10 and not the $24.00 shown on the printout of his trust fund account statement dated September 14, 2022. (*Id.*)

Phillips sues one Defendant: HCCF F/N/U Institutional Trust Fund Clerk. (*Id.* at PageID 1, 2.) Phillips does not allege the capacity in which he sues the Defendant. (*See id.* at PageID 1-3.) Phillips seeks one hundred and fifty million dollars ($150,000,000.00). (*Id.* at PageID 3.)

The Complaint (ECF No. 1) is before the Court.

For the reasons explained below, the Complaint (ECF No. 1) is DISMISSED.

## I. **LEGAL STANDARD**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th

Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II.    REQUIREMENTS TO STATE A CLAIM UNDER § 1983

Phillips sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## III. ANALYSIS

### DUE PROCESS CLAIM

Liberally construed, the Complaint alleges a Fourteenth Amendment due process violation that occurred during Phillips' incarceration at the HCCF between August 1 and September 14, 2022. (ECF No. 1 at PageID 2.) Phillips alleges that, between August 1 and September 14, 2022, the F/N/U Institutional Trust Fund Clerk[1] miscalculated the funds in Phillips' inmate trust fund account and "refused to correct it." (*Id.*) Phillips alleges that the balance in his inmate trust account on September 14, 2022, was $24.00. (*Id.*) Phillips alleges that the balance in his inmate trust account should have been $45.10 on September 14, 2022. (*Id.*)

Under the Due Process Clause, "[n]o state ... shall deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. If a state employee deprives a plaintiff of his property, due process is not violated, as long as the state affords a means to remedy the alleged loss. *Parratt v. Taylor*, 451 U.S. 527, 543 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). *Parratt* created the "adequate state law remedy" doctrine. Courts have applied that doctrine to deny a federal forum for certain Fourteenth Amendment due process clause claims. Under that doctrine, if state law provides an adequate remedy, the loss or destruction of personal property by government officials does not create a valid due process claim. *Id.* at 543–44. That is true even if a state employee's "random and unauthorized act" causes the property loss. *Id.* at 541. If there is an adequate post-deprivation remedy, the deprivation is not "without due process of law." *Id.* at 542. This rule applies to both negligent and intentional deprivations of property, as long as the government officials did not act under an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984).

---

[1] Federal Rule of Civil Procedure 10(a)[1] requires a plaintiff to "name all the parties" in a complaint. "F/N/U Institutional Trust Fund Clerk" is not sufficient to comply with Rule 10(a).

Based on these principles, a plaintiff must show that he requested a post-deprivation hearing and government officials denied his request, *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991), or that the post-deprivation remedies the government provided were constitutionally insufficient. *Id.* That means that to state a due process claim a plaintiff must allege that he sought post-deprivation remedies or that those remedies were inadequate. *McMillan v. Fielding*, 136 F. App'x 818, 820 (6th Cir. 2005). The Sixth Circuit has held that "the State of Tennessee has provided adequate procedures to assure the return of items either negligently or intentionally converted, *see* Tenn. Code Ann. § 9-8-207, and in the absence of resort to state remedies, we do not believe that a federal court may assert jurisdiction." *Brooks v. Dutton*, 751 F.2d 197, 199 (6th Cir. 1985)*; see also McLaughlin v. Weathers*, 170 F.3d 577, 581–82 (6th Cir. 1999) (Tennessee's statutory post-deprivation remedy satisfies due process requirements).

Phillips does not allege that the F/N/U Institutional Trust Fund Clerk denied him post-deprivation remedies for the alleged property loss or that the post-deprivation remedies were inadequate. *See McMillan*, 136 F. App'x at 820 (6th Cir. 2005) (citing *Brooks*, 751 F.2d at 199) (finding Tennessee's statutory remedy against local governments for loss of property affords an adequate remedy to return items either negligently or intentionally converted). Phillips fails to plead that he requested relief by invoking the state's remedies. Because there were adequate state law remedies for the return of Phillips' property and Phillips failed to invoke them, the Court may not assume jurisdiction. *Brooks*, 751 F.2d at 199. The Court cannot entertain Phillips' claim to relief for deprivation of due process under the Fourteenth Amendment.

## IV.  AMENDMENT UNDER THE PLRA

Leave to amend under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1) is **DENIED**. The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to

avoid a sua sponte dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The Sixth Circuit counsels "liberality" in allowing amendment at the screening stage under the PLRA. *Lucas*, 785 F. App'x at 292. The Sixth Circuit has concluded that, "[i]f it is at all possible that the party ... can ... state a claim for relief, the court should dismiss with leave to amend." *Id.* (internal quotation marks omitted).

In cases where it would not be possible for a plaintiff to amend his complaint to state a claim for relief, leave to amend should not be granted. *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a sua sponte dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001).

Phillips' claim of deprivation of due process under the Fourteenth Amendment for his property loss is not cognizable in a § 1983 action. The State has provided an adequate remedy, and Phillips has not invoked it. Amendment would be futile. The Court would lack jurisdiction even if Phillips amended.

V.   **APPELLATE ISSUES**

Under Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court must consider whether an appeal by Phillips would be taken in good faith. *See Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999). Under Rule 24(a), if the District Court permits a party to proceed *in forma pauperis*, that party may also proceed on appeal *in forma pauperis* without further authorization unless the District Court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*." Fed. R. App. P. 24(a)(3)(A). If the District Court denies pauper status, the party may move to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)–(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether a party appeals in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* "It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on Defendants but has sufficient merit to support an appeal *in forma pauperis*." *DePriest v. Prestress Servs., Inc.*, No. 13-2768-JDT-cgc, 2014 WL 1269933, at *1 (W.D. Tenn. Mar. 27, 2014) (citing *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983)). For the same reasons the Court dismisses Phillips' claims for lack of jurisdiction, the Court finds that an appeal would not be taken in good faith. The Court **CERTIFIES**, under Federal Rule of Appellate Procedure 24(a), that any appeal by Phillips would not be taken in good faith. The Court **DENIES** leave to proceed on appeal *in forma pauperis*. If Phillips appeals, he must pay the full $605 appellate filing fee or move for leave to appeal *in forma pauperis* with a supporting affidavit in the Sixth Circuit. *See* Fed. R. App. P. 24(a)(5).

## VI. CONCLUSION

A. Phillips' § 1983 claim against the F/N/U Institutional Trust Fund Clerk is **DISMISSED** for lack of jurisdiction. Leave to amend is **DENIED**; and

B. The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated ... brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). For § 1915(g) analysis of Phillips' future filings, if any, the Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, 996 F.3d 350 (6th Cir. 2021).

**IT IS SO ORDERED**, this  12th  day of May, 2025.

              /s/ *Samuel H. Mays, Jr.*
              SAMUEL H. MAYS, JR.
              UNITED STATES DISTRICT JUDGE